## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RICKY MILLER, #QH7734,

      Plaintiff,

      v.

GEORGE LITTLE, Secretary of the
Department of Corrections, et al.,

      Defendants.

CIVIL ACTION NO. 3:21-cv-01941

(SAPORITO, M.J.)

### MEMORANDUM

This is a federal civil rights action, brought by a Pennsylvania state prisoner, Ricky Miller. He claims that prison officials violated his Fourteenth Amendment due process rights and his First Amendment right of access to courts when they rejected certain mailings sent to him by state and federal courts because the envelopes containing the correspondence did not display a control number assigned by the state department of corrections, and they did so without providing him with notice of the rejections. The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The plaintiff has filed a *pro se* motion for a preliminary injunction.[1] (Doc. 63.) He seeks a preliminary injunction directing prison officials to cease rejecting future mail received from state and federal courts without providing him with notice of each rejection.

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted." *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). "A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Grp. v. Amoco Chems. Corp.*, 614

---

[1] The plaintiff's motion characterizes the requested relief as both a preliminary injunction and a temporary restraining order ("TRO"). "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration." *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 633 F. Supp. 2d 1257, 1267 (D.N.M. 2008). Regardless, "[t]he standard for granting a preliminary injunction under Rule 65 is the same as that for issuing a TRO." *Cerro Fabricated Prods. LLC v. Solanick*, 300 F. Supp. 3d 632, 646 n.5 (M.D. Pa. 2018). In this case, the defendant has already appeared and received notice of the plaintiff's motion, and plaintiff appears to seek injunctive relief for an indefinite period of time rather than a short period. Thus, we have construed the motion as a request for a preliminary injunction only. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

F.2d 351, 359 (3d Cir. 1980)). "The 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it." *Id.* (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "Injunctive relief will not be granted merely to allay the fears and apprehensions or to soothe the anxieties of the parties." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 832 (W.D. Pa. 2006). "Establishing a *risk* of irreparable harm is not enough." *ECRI*, 809 F.2d at 226 (emphasis added).

There is nothing in the motion papers before us to suggest that the harm alleged by the plaintiff is "irreparable—not merely serious or substantial." *See id.* The motion papers discuss two civil actions—a small claims action in a New Jersey state court and a federal civil rights action in a federal district court. Both of those actions have been dismissed at the trial level—ostensibly due to prison officials' rejection of past mailings from those courts, without providing any notice to Miller, which allegedly caused him to miss court deadlines that formed the basis of dismissal in both cases. But the dismissal of those two other civil actions does not constitute irreparable harm justifying preliminary injunctive

relief in this action, as such a dismissal order is amenable to appeal or reconsideration. *See* 28 U.S.C. § 1291 (appeal from final decision by federal district court); Fed. R. Civ. P. 60(b) (relief from final judgment or order by federal district court); N.J. R. 2:2-3 (appeal from final decision by New Jersey trial court); N.J. R. 4:50 (relief from final judgment or order by New Jersey trial court); *see also Martin v. Perezous*, Civil Action No. 85-4090, 1985 WL 5022, at *2 (E.D. Pa. Dec. 23, 1985) ("[W]ith respect to plaintiff's claim for injunctive relief, I do not believe that plaintiff will be able to establish the element of irreparable harm because the state action has been dismissed. It would seem that the proper recourse for plaintiff at this time would be to appeal the state action."). Indeed, that is precisely what the plaintiff did—his pleadings and motion papers allege that he appealed dismissal of his small claims action to the state court's appellate division,[2] and the publicly available docket of his federal civil rights action indicates that he has appealed that dismissal

---

[2] The publicly available state court docket record does not reflect this appeal, but it does confirm dismissal of the action with prejudice. *See Miller v. Sweeney*, Docket No. UNN-SC-102-21 (N.J. Super. Ct. Law Div. dismissed July 13, 2021). Whether Miller perfected his appeal, however, is immaterial. The state court dismissal order was—and remains— amenable to relief in that court either by appeal or by motion for reconsideration, without resort to injunctive relief from this court.

to the Third Circuit, where it remains pending.[3]

Moreover, there is nothing in the motion papers to "demonstrate the requisite immediacy." *See Reedy v. Borough of Collingswood*, 204 Fed. App'x 110, 114 (3d Cir. 2006) (quoting *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989), and *ECRI*, 809 F.2d at 226); *see also Synthes, Inc. v. Gregoris*, 228 F. Supp. 3d 421, 440 (E.D. Pa. 2017) ("Any irreparable harm must be imminent."); *Viad Corp. v. Cordial*, 299 F. Supp. 2d 466, 480 (W.D. Pa. 2003) ("[T]he claimed injury cannot merely be possible, speculative or remote."). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original); *see also Freedom Med. Inc. v. Whitman*, 343 F. Supp. 3d 509, 530 (E.D. Pa. 2018) ("Simply put, a showing of past harm, without more, is insufficient to justify the issuance of a preliminary injunction.") (citing *Fisher*, 981 F. Supp. at 168). The pleadings and motion papers discuss past incidents in which mailings from state and federal courts were rejected for failure to satisfy the

---

[3] *See Miller v. Monroe Cty.*, Civil Action No. 22-759 (D.N.J. dismissed Mar. 8, 2022) (ECF Nos. 3 & 4), *appeal filed*, No. 22-1860 (3d Cir. filed May 3, 2022).

requirements of the legal mail policies of the state department of corrections. But the plaintiff has failed to articulate any facts or cite any evidence to support his speculative claim that prison officials will continue to reject his legal mail from state and federal courts in the future. *See Lawson v. Overmeyer*, C.A. No. 17-38 Erie, 2017 WL 5178506, at *2 (W.D. Pa. Aug. 7, 2017), *report and recommendation adopted by* 2017 WL 5176396 (W.D. Pa. Nov. 7, 2017).

Thus, we find that the plaintiff has failed to allege sufficient facts or cite sufficient evidence to demonstrate any immediate irreparable harm. Accordingly, the *pro se* motion for a preliminary injunction (Doc. 63) will be denied.

An appropriate order follows.

Dated: June ___8___, 2022

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge