## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY MILLER, #QH7734, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-01941 |
| v. | (SAPORITO, M.J.) |
| GEORGE LITTLE, Secretary of the Department of Corrections, et al., | |
| Defendants. | |

## <u>MEMORANDUM</u>

This is a federal civil rights action, brought by a Pennsylvania state prisoner, Ricky Miller. He claims that prison officials violated his Fourteenth Amendment due process rights and his First Amendment right of access to courts when they rejected certain mailings sent to him by state and federal courts because the envelopes containing the correspondence did not display a control number assigned by the state department of corrections, and they did so without providing him with notice of the rejections. The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The original complaint in this action was received by the clerk and

lodged for filing on November 15, 2021. (Doc. 1.) It was signed and dated by the incarcerated plaintiff on October 29, 2021. The only defendant named in the original complaint was the acting secretary of corrections at that time, George Little. We granted the plaintiff leave to proceed *in forma pauperis*, and the original complaint was deemed filed. (Doc. 6.) Soon thereafter, Little entered his appearance through counsel and waived formal service of process. (Doc. 9; Doc. 10.)

On June 7, 2022, the plaintiff filed a motion for leave to amend, together with a copy of his proposed amended complaint and supporting exhibits. (Doc. 59; Doc. 61; Doc. 62.) On June 9, 2022, we granted the plaintiff's motion for leave to amend, and the amended complaint was filed by the clerk. (Doc. 68; Doc. 69.) The amended complaint added three new defendants: (1) John E. Wetzel, the former secretary of corrections who had been serving in that role at the time of the events underlying the plaintiff's original complaint; (2) Laurel Harry, the superintendent of SCI Camp Hill, a state prison where Miller was incarcerated in June and July 2021; and (3) Bobbi Jo Salamon, the superintendent of SCI Rockview, a state prison where Miller has been incarcerated since August

2021.[1] Shortly thereafter, all three newly added defendants entered their appearances through counsel and waived formal service of process. (Doc. 71; Doc. 72.)

On June 23, 2022, the four defendants, jointly represented, filed a motion to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 73.) That motion is fully briefed and ripe for decision. (Doc. 83; Doc. 97.)

The amended complaint alleges that several pieces of mail from state and federal courts addressed to Miller were rejected by Pennsylvania prison mailroom officials without providing any notice to Miller, pursuant to a policy promulgated by defendant Wetzel in August 2020, DC-ADM 803. *See* Commonwealth of Pa., Dep't of Corrs., Policy No. DC-ADM 803, Inmate Mail & Incoming Publications (Aug. 3, 2020), *available at* https://www.cor.pa.gov/About%20Us/Documents/DOC%20 Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications .pdf. These include: (1) two mailings from the Superior Court of New

---

[1] We note that Harry was recently appointed to serve as acting secretary of corrections, and she has been nominated to fill the position permanently as well.

Jersey Appellate Division, rejected on June 10, 2021; (2) two mailings from the Superior Court of New Jersey, rejected on June 25, 2021; (3) a mailing from a court administrator in Trenton, New Jersey, rejected on July 2, 2021; (4) a mailing from a court administrator in Trenton, New Jersey, rejected on July 7, 2021; (5) a mailing from a judge in Trenton, New Jersey, rejected on July 30, 2021; (6) a mailing from the Pike County, Pennsylvania, court of common pleas, rejected on October 5, 2021; and (7) two mailings from a New Jersey federal district court, rejected on March 30 or 31, 2022.

Based on these several rejected mailings, Miller's amended complaint has asserted a § 1983 First Amendment access-to-courts claim. In their brief in support, the defendants have argued that the plaintiff has failed to state a § 1983 access-to-courts claim upon which relief can be granted. (Doc. 83, at 15–17.) But in his brief in opposition to the defendants' motion to dismiss, Miller has explicitly abandoned this claim. (*See* Doc. 97, at 28 "Plaintiff withdraws claim Three of Amended Complaint").) The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dreibelbis v.*

*Scholton*, 274 Fed. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss); *see also LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020); *Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012). Accordingly, the plaintiff's § 1983 First Amendment access-to-courts claim will be dismissed for failure to state a claim upon which relief can be granted.

The amended complaint has also asserted a cause of action under either 42 U.S.C. § 1983 or § 1985 for conspiracy to interfere with civil rights. A claim for conspiracy to violate federally-protected rights, whether made pursuant to § 1983 or § 1985, must be pleaded with particularity. *See Tarapchak v. Lackawanna Cty.*, 173 F. Supp. 3d 57, 72–73 (M.D. Pa. 2016) (§ 1985); *Damiano v. Scranton Sch. Dist.*, 135 F. Supp. 3d 255, 281–82 (M.D. Pa. 2015) (§ 1983). The *pro se* amended

complaint simply alleges no facts from which any type of conspiratorial agreement can be inferred. Accordingly, the plaintiff's § 1983 or § 1985 civil rights conspiracy claim will be dismissed for failure to state a claim upon which relief can be granted.

Finally, relying on a relatively recent Third Circuit decision, *Vogt v. Wetzel*, 8 F.4th 182 (3d Cir. 2021), the amended complaint has asserted a § 1983 Fourteenth Amendment due process claim. In *Vogt*, the Third Circuit held that a prison policy of rejecting, without notice, all incoming mail lacking a return address violated the procedural due process rights of the inmate to whom the mail was addressed. Here, the plaintiff contends that *Vogt* dictates the outcome of this case, arguing that a prison policy of rejecting, without notice, all incoming legal mail lacking a control code likewise violates the procedural due process rights of the inmate to whom the legal mail was addressed.[2]

The defendants have interposed the affirmative defense of qualified

---

[2] DC-ADM 803 defines "privileged mail" to include confidential correspondence from an inmate's attorneys, from state or federal courts, or from certain government officials. For the avoidance of confusion, however, we will refer to it as "legal mail," not to be confused with the narrower category of privileged materials typically at issue in federal litigation (e.g., attorney-client communications).

immunity, arguing that the rejection of multiple court mailings in June and July 2021 predated *Vogt*, and thus did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). But a prison inmate's right to receive notice of the rejection of a specific piece of incoming mail—legal or otherwise—has been clearly established since 1974, when the Supreme Court of the United States expressly recognized that the First Amendment speech rights of prisoners engendered a protected liberty interest, and that due process required that the decision to withhold delivery of a particular letter must be accompanied by minimum procedural safeguards, including that the inmate be notified of the rejection of a letter addressed to him. *See Procunier v. Martinez*, 416 U.S. 396, 417–18 (1974); *see also Soto v. Brock*, 795 Fed. App'x 246, 250 (5th Cir. 2019) (per curiam) (finding inmate's right to receive notice of rejected mail was clearly established in September 2015); *Bonner v. Outlaw*, 552 F.3d 673, 679–80 (8th Cir. 2009) (finding *Procunier* clearly established an inmate's due process right to notice whenever correspondence addressed to him is rejected); *Owens v. Burtlow*, Civil Action No. 21-cv-02714-WJM-KLM, 2022 WL 5198087, at *11 (D. Colo.

Oct. 4, 2022) (finding that an inmate's right to receive notice of rejected mail was clearly established by *Procunier* in 1974).

The defendants have also interposed a failure-to-exhaust affirmative defense. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Based on the allegations of the amended complaint and exhibits attached thereto, Miller filed three separate inmate grievances covering the various rejected mailings upon which this action is based.

Miller filed his first grievance on July 14, 2021, which was received by prison officials and assigned Grievance No. 935953. This grievance concerned the several New Jersey state court mailings rejected in June and July 2021. In his grievance form, however, Miller did not request monetary compensation. Because Miller did not specifically request monetary compensation, he procedurally defaulted and failed to exhaust

available administrative remedies with respect to claims for monetary compensation, and he is barred from bringing a claim for money damages against the defendants as a consequence. *See Wright v. Sauers*, 729 Fed. App'x 225, 227 (3d Cir. 2018); *Krushin v. SCI Waymart*, Civil No. 4:17-CV-1545, 2019 WL 1141691, at *3 (M.D. Pa. Jan. 29, 2019); *Camacho v. Beers*, Civil Action No. 16-1644, 2018 WL 6618410, at *2–*3 (W.D. Pa. Dec. 18, 2018); *Sanders v. Beard*, Civil Action No. 3:09-CV-1384, 2013 WL 2650215, at *4 (M.D. Pa. June 13, 2013).

Miller filed his second grievance on January 31, 2022, which was received by prison officials and assigned Grievance No. 965692. This grievance concerned the Pennsylvania state court mailing rejected in October 2021. In his grievance form, however, Miller again did not request monetary compensation. Because Miller did not specifically request monetary compensation, he procedurally defaulted and failed to exhaust available administrative remedies with respect to claims for monetary compensation, and he is barred from bringing a claim for money damages against the defendants as a consequence. *See Wright*, 729 Fed. App'x at 227; *Krushin*, 2019 WL 1141691, at *3; *Camacho*, 2018 WL 6618410, at *2–*3; *Sanders*, 2013 WL 2650215, at *4. Moreover, this

grievance had not been submitted to prison officials in the first instance, much less appealed to a final decision,[3] at the time when Miller presented his complaint to prison officials for mailing on or about October 29, 2021. Thus, it is clear that he brought this action before his administrative remedies had been exhausted with respect to any relief concerning the Pennsylvania state court mailing. *See Pelino v. Sec'y Pa. Dep't of Corrs.*, 791 Fed. App'x 371, 372–73 (3d Cir. 2020) (per curiam); *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002); *see also Wallace v. Miller*, 544 Fed. App'x 40, 42 (3d Cir. 2013) (per curiam) ("A prisoner may not satisfy the exhaustion requirement after the filing of his complaint.").

Miller filed his third grievance on April 28, 2022, which was received by prison officials and assigned Grievance No. 978475. This grievance concerned the New Jersey federal court mailings rejected in March 2022. Unlike his prior grievances, this grievance did request monetary compensation. However, this grievance had not been submitted

---

[3] In his opposition papers, Miller has effectively conceded that administrative appeals concerning this grievance were not exhausted until a final appeal decision was rendered on July 15, 2022, well after he brought this action. (*See* Doc. 97, at 19; Doc. 98, at 1.) Indeed, the final administrative decision denying his grievance appeal was preceded by both his amended complaint and the underlying motion to dismiss.

to prison officials in the first instance, much less appealed to a final decision,[4] at the time when Miller presented his complaint to prison officials for mailing on or about October 29, 2021. Thus, it is clear that he brought this action before his administrative remedies had been exhausted with respect to any relief concerning the New Jersey federal court mailings. *See Pelino*, 791 Fed. App'x at 372–73; *Ahmed*, 297 F.3d at 209; *see also Wallace* 544 Fed. App'x at 42 ("A prisoner may not satisfy the exhaustion requirement after the filing of his complaint.").

What remains then, is the plaintiff's request for injunctive relief arising out of the June and July 2021 New Jersey state court mailings, for which his available administrative remedies appear to have been exhausted shortly before he brought this action. "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as

---

[4] In his opposition papers, Miller has effectively conceded that administrative appeals concerning this grievance were not exhausted until a final appeal decision was rendered on July 1, 2022, well after he brought this action. (*See* Doc. 97, at 20; Doc. 98, at 1.) Indeed, the final administrative decision denying his grievance appeal was preceded by both his amended complaint and the underlying motion to dismiss.

monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Hardwick v. Senato*, Civil Action No. 15-326-RGA, 2020 WL 1506218, at *2 (D. Del. Mar. 30, 2020) (applying *eBay* in the prison context); *Williams v. Bradford*, Civil No. 10-5120 (JBS), 2011 WL 1871437, at *6 n.3 (D.N.J. May 13, 2011) (same).

Here, any injury sustained by Miller as a result of these rejected mailings was not irreparable because, as we have previously held in this same case, the New Jersey state court's dismissal of his small claims action was still amenable to relief in that court, either by appeal or by motion for reconsideration, at the time he learned of the rejections, all without resort to injunctive relief from this court. *See Miller v. Little*, Civil Action No. 3:21-cv-01941, 2022 WL 2070282, at *2 n.2 (M.D. Pa. June 8, 2022), Doc. 66. Moreover, remedies available at law are clearly adequate to compensate for the plaintiff's alleged injury—the $2,676 in damages he sought to recover in that small claims action. *See Frank's*

*GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988) ("The availability of adequate monetary damages belies a claim of irreparable injury."); *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1145 (3d Cir.1982) ("[W]e have never upheld an injunction where the claimed injury constituted a . . . loss capable of recoupment in a proper action at law."). Thus, any permanent injunctive relief is clearly unwarranted here.

Accordingly, the plaintiff's § 1983 Fourteenth Amendment due process claim for damages will be dismissed *without prejudice* for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a), and his concomitant claim for injunctive relief will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir.

2004). In this case, based on the facts alleged, it is clear that amendment would be futile with respect to all of the plaintiff's federal civil rights claims. Therefore, the action will be dismissed *without* leave to amend.

An appropriate order follows.

Dated: March 15, 2023

**_s/Joseph F. Saporito, Jr._**
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge